**Joe ADDISON, Appellant,**

**v.**

**The GRAND LODGE OF the INTERNA-TIONAL ASSOCIATION OF MACHIN-ISTS, an unincorporated international labor organization, Aeronautical Indus-trial District Lodge 727, a California un-incorporated local labor organization, et al., Appellees.**

**No. 18189.**

United States Court of Appeals Ninth Circuit.

June 11, 1963.

Daniel A. Schiffer and Rudolph Pacht, North Hollywood, Cal., for appellant.

Mulholland, Robie & Hickey, Edward J. Hickey, Jr., and James L. Highsaw, Jr., Washington, D. C., Rose, Klein & Marias and Alfred M. Klein, Los An-geles, Cal., and Plato E. Papps, Washing-ton, D. C., for appellees.

Before BARNES and JERTBERG, Circuit Judges, and BURKE, District Judge.

JERTBERG, Circuit Judge.

In an earlier appeal by appellant, this Court reversed the judgment of the Dis-

trict Court dismissing the action for lack of jurisdiction over the subject matter embraced in the complaint. See Addison v. Grand Lodge of International Association of Machinists, et al., 300 F.2d 863 (9th Cir., 1962).

On remand the District Court placed the cause on the calendar for hearing and dismissal pursuant to Rule 16(6) and 41(b) Federal Rules of Civil Procedure, and Local Rule 10. Appellees, pursuant to Rule 12(b) Federal Rules of Civil Procedure, moved the District Court for an order dismissing the complaint or in the alternative pursuant to Rule 56(b) and (c), Federal Rules of Civil Procedure, for an order granting summary judgment in favor of appellees. The motion was supported by the affidavit of Elmer E. Walker, an appellee and general secretary-treasurer of the Grand Lodge of International Association of Machinists, also an appellee, to which affidavit were attached many exhibits, and the affidavit of George Christensen, an appellee, Staff Attorney of the I.A.M. Appellant opposed the motion by a statement in opposition thereto supported by the affidavit of appellant and the affidavit of Roy M. Brown, a former general vice-president of the Grand Lodge. A hearing on the motion was held before the District Court at which time there was offered and received in evidence by appellees, without objection by the appellant, as further exhibits to the affidavit of Walker, the full transcript of the trial proceedings against appellant (Snider v. Addison) which culminated in his expulsion, plus a transcript of the proceedings of appellant against Snider, an appellee (Addison v. Snider), and a complete copy of the proceedings against appellant had at the Quadrennial Convention of the Grand Lodge.

Following the hearing the District Court granted appellees' motion for summary judgment in respect to Counts 1 and 2, dismissing on the merits the causes of action therein asserted, dismissed Counts 3 and 4 for lack of jurisdiction over the subject matter therein asserted, and dismissed Count 5 for lack of jurisdiction over the subject matter therein asserted. The judgment provides that the dismissal of Counts 3, 4 and 5 shall not constitute an adjudication upon the merits of the causes of action therein asserted.

The findings of fact of the District Court are as follows:

"1. At all times during the internal union trial and appeals proceedings conducted by the defendants which resulted in the expulsion of plaintiff, and, at all times prior thereto referred to in the complaint, plaintiff was not deprived of any statutory rights guaranteed him, enumerated in or protected by Title I, Sections 101(a) (2) or (5) of the Labor-Management Reporting and Disclosure Act of 1959 (hereinafter referred to as LMRDA) Public Law 86-257, 29 U.S.C.A. Sections 401 et seq. (Suppl.1960).

"2. The acts alleged in the complaint leading to the internal union trial proceedings conducted by the defendants, which resulted in the expulsion of plaintiff, antedated and took place prior to September 14, 1959, the effective date of Title I of the LMRDA.

"3. In and at all times during the internal union trial and appeals proceedings conducted by the defendants which resulted in the expulsion of plaintiff, he was made fully aware of and served with written clear and specific charges filed against him, in compliance with Section 101(a) (5) (A) of the LMRDA.

"4. In and at all times during the internal union trial and appeals proceedings conducted by the defendants which resulted in the expulsion of plaintiff, he was given a reasonable time and opportunity to prepare his defense, in compliance with Section 101(a) (5) (B) of the LMRDA.

"5. In and at all times during the internal union trial and appeals proceedings conducted by the defendants which resulted in the expulsion

of plaintiff, he was afforded a full and fair hearing and provided the fundamentals of due process, in compliance with Section 101(a) (5) (C) of the LMRDA.

"6. At all times during the internal union trial and appeals proceedings conducted by the defendants which resulted in the expulsion of plaintiff, he was given a fair, unbiased and impartial hearing, provided the fundamentals of due process and, as well, afforded all safeguards and rights provided in the Constitution of the defendant Grand Lodge of the International Association of Machinists; and said internal union trial and appeals proceedings were conducted in accordance with the applicable terms and conditions of said Constitution.

"7. At all times during the internal union trial and appeals proceedings conducted by the defendants which resulted in the expulsion of plaintiff, he was afforded all safeguards and rights provided in the Constitution and By-Laws of the defendant Aeronautical Industrial District Lodge 727; and said internal union trial and appeals proceedings were conducted in accordance with the applicable terms and conditions of said Constitution and By-Laws.

"8. In and at all times during the internal union trial and appeals proceedings conducted by the defendants which resulted in the expulsion of plaintiff, he was afforded all safeguards and rights provided by Federal law.

"9. The Fry Audit (¶ 31 of Complaint) and documentation in support thereof (¶s 34 and 37, and Exhibits A and B to Complaint) and any alleged embezzlement, misappropriation or misapplication of union funds by defendants antedated and took place prior to September 14, 1959, the effective date of Title V of the LMRDA.

"10. Plaintiff's expulsion by defendants from membership in defendant unions was not wrongful, unlawful, null or void.

"11. Plaintiff is not entitled to the return to him of a $500.00 fine imposed by the defendant Grand Lodge of the International Association of Machinists as a part of his expulsion punishment.

"12. Counts 3 and 4 of the complaint, allegedly arising out of the common laws of the State of California and within the pendent jurisdiction of this court, cannot be maintained in this court since they present no Federal question and are not joined with any substantial and related Federal claims, and there is absent complete diversity of citizenship between the plaintiff and each and every defendant.

"13. In the conduct by the defendants of the internal union trial and appeals proceedings which resulted in the expulsion of plaintiff, he was not wrongfully deprived by defendants, or any of them, of any contract or property rights under Federal law as a member in the defendant unions.

"14. Plaintiff did not obtain leave of this court upon verified application and for good cause shown, prior to bringing the instant action, or any time thereafter, as required by Section 501(b) of the LMRDA."

From the foregoing facts the District Court concluded, among other conclusions, that "there exists no genuine issue as to any material fact alleged in plaintiff's complaint or any count thereof."

In our earlier opinion (supra) in this case, we set forth the relevant provisions of the Labor-Management Reporting and Disclosure Act of 1959, Title 29 U.S.C.A., Section 401 et seq., a description of the parties, the internal Union trial and appeals proceedings resulting in the expulsion of the appellant from membership in the various labor organizations, and a

partial summary of the allegations contained in Count 1 of the complaint. We will not extend the length of this opinion by repetition thereof in this opinion.

The complaint contains five counts of separate causes of action. The basic charges contained in Counts 1 and 2 are that the appellees joined and conspired together in a common plan or scheme, unlawful in intent and purpose, to deprive, have deprived, and are continuing to deprive appellant, as a member in good standing of Local Lodge 727–M and of the International Association of Machinists, from exercising rights specified and enumerated in Section 101(a) (1), (2) and (5) of the Act. Counts 3 and 4 are alleged to arise out of the common law of the State of California, and are asserted to be under the "pendent jurisdiction" of the District Court, because "the facts and circumstances giving rise to such claims are substantially identical to the facts and circumstances giving rise" to the Federal causes of action stated in Counts 1 and 2. Count 5 charges that appellees violated their duties of trust as union officers and have embezzled, misappropriated and misapplied union funds entrusted to their care and custody in violation of Section 501 of LMRDA, for which he seeks recovery pursuant to the provisions of Section 501(b) of the Act.

Appellant seeks a declaration that his expulsion from membership is null and void; the return to him of the $500.00 fine imposed as a part of his expulsion penalty; a mandatory injunction requiring his reinstatement to membership, a prohibitory injunction forbidding interference with respect to his rights as a member; special damages in the amount of $50,000.00 for attorney fees, expenses and costs; $1,000.00 for loss of wages and general and punitive damages totalling $450,000.00; an accounting of all money and property allegedly embezzled, misappropriated and misapplied; a prohibitory injunction against further embezzlement, misappropriation and misapplication of union funds; and an order requiring appellees to make restitution of such sums of money and property as have allegedly been embezzled, misappropriated and misapplied.

 We find ourselves unable to agree with findings of fact made by the District Court appearing in paragraph 2 of such findings. In that paragraph, the District Court found that the acts alleged in the complaint, leading to the internal union trial proceedings conducted by the defendants which resulted in the expulsion of plaintiff, antedated and took place prior to September 14, 1959, the effective date of Title 1 of the LMRDA. While there are many allegations in Counts 1 and 2 of the verified complaint charging that appellees suppressed and withheld from the membership of the labor organizations information contained in the Fry audit, referred to in paragraph 9 of the findings of fact of the District Court, and charging embezzlement, misappropriation or misapplication of union funds by appellees, also mentioned in said paragraph of the findings, we, however, find in said Counts allegations that appellant's expulsion was the fruition of an unlawful agreement and conspiracy by and among the appellees, which conspiracy was formed and the purposes thereof accomplished after the effective date of the Act. The allegations to which we refer are scattered through paragraphs 39, 40, 43, 45, 48, 49, 50, 51 and 52 of Count 1, and many of which are realleged by reference, in Count 2. In substance these allegations are that shortly after appellant, in October of '59, requested that charges be filed against the appellees who were charged with misdeeds in the Fry audit, the appellees agreed upon a common plan and scheme, unlawful in intent and purpose, to bring about appellant's expulsion; that pursuant to and in furtherance of the conspiracy, spurious charges were filed against appellant and the entire internal union trial and appeals proceedings were rigged by the appellees to effectuate the predetermined expulsion of appellant.

We note that there are no findings of fact relating to such allegations. No answer was filed by the appellees in re-

spect to such allegations, no answer being required because of the manner of disposition made by the District Court of the claims set forth in the complaint. We find no denial of such allegations in the supporting affidavits filed by appellees. We also note statements appearing in the affidavit of Roy M. Brown that the officers and members of the Executive Council of the Grand Lodge discussed, in the presence of affiant, the stopping of appellant's charges against the appellees by injunction or expulsion.

We believe that the allegations of conspiracy present a genuine issue as to a material fact which precludes the granting of appellees' motion for summary judgment with respect to Counts 1 and 2 of the complaint. We have no knowledge as to whether appellant can prove such allegations but in our view appellant is entitled to an opportunity to do so. If appellees conspired and agreed to do, and did do, the acts above mentioned, then the entire internal union proceedings, including the appellate proceedings, would be a sham and fraud and constitute no trial at all, no matter how fair and regular such proceedings might appear on the record. If the expulsion of appellant is wrongful, he has remained a member in good standing of the Union and has unlawfully been deprived of some of the rights afforded to him by the "Act," and is entitled to some relief.

The summary judgment dismissing Counts 1 and 2 is reversed. The reversal of the summary judgment requires that we also reverse the judgment of dismissal in respect to Counts 3 and 4 over which the Court has pendent jurisdiction, and said judgment of dismissal is likewise reversed.

The judgment of dismissal of Count 5 is affirmed, because of the failure of appellant to comply with the provisions of Section 501(b) of the Act.[1]

1. "§ 501. *Fiduciary responsibility of officers of labor organizations—Duties of officers; exculpatory provisions and resolutions void*

 "(a) * * *.

 *"Violation of duties; action by member after refusal or failure by labor organization to commence proceedings; jurisdiction; leave of court; counsel fees and expenses*

 "(b) When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte. The trial judge may allot a reasonable part of the recovery in any action under this subsection to pay the fees of counsel prosecuting the suit at the instance of the member of the labor organization and to compensate such member for any expenses necessarily paid or incurred by him in connection with the litigation." 29 U.S.C.A. Sec. 501(b).